GWEN ERDAHL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Erdahl v. Commissioner
Docket No. 8779-88
United States Tax Court
T.C. Memo 1990-101; 1990 Tax Ct. Memo LEXIS 103; 58 T.C.M. (CCH) 1532; T.C.M. (RIA) 90101; February 28, 1990; As amended James W. Littlefield, for the petitioner. Jack Forsberg, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiency in and additions to the Federal income tax of petitioner and her husband: Additions to tax
Year
Deficiency
sec.6621 (c)
sec. 6653(a)(1)
sec. 6653(a)(2)
sec. 6661
1982 $ 34,105
applicable $ 1,705
*
$ 8,526
Petitioner and her husband, Bruce A. Erdahl (Erdahl), jointly filed a return for the 1982 taxable year. The only issue is whether the innocent spouse provisions of section 6013(e), Internal Revenue Code of 1954, relieve *104 petitioner of liability for the deficiency and additions to tax. All section references are to the Internal Revenue Code of 1954 in effect for 1982. Some of the facts are stipulated and are so found. These facts along with the attached exhibits are incorporated by this reference. Petitioner resided in Wadena, Minnesota when she filed her petition. FINDINGS OF FACT Charlestown Park of Houston, Ltd. (the partnership) is a Texas limited partnership which was organized in 1981 for the stated purpose of acquiring a 448-unit luxury garden apartment complex located in Houston, Texas. Erdahl, a physician, purchased an interest in the partnership in December 1981. Petitioner testified she knew Erdahl was investing in the partnership, but she thought he was doing it through his corporation. She also says she signed the 1982 return after it was brought to her by Erdahl. This sketchy information was the extent of her testimony regarding the purchase and tax losses. Erdahl testified that before investing in the partnership he had numerous discussions with petitioner and showed her the prospectus and promotional materials. He discussed the tax consequences with her, including the *105 page of the prospectus that showed the tax benefits over 6 years. Erdahl borrowed from his pension plan a portion of the funds necessary to make the purchase. This necessitated a plan amendment, which Erdahl discussed with petitioner before both signed the amendment. Before providing tax information to his accountant, Erdahl would review the information with petitioner. In 1982, this tax information included the claimed partnership losses. Petitioner and her husband have conceded the deficiency and additions to tax in the notice of deficiency. OPINION The parties agree that petitioner has satisfied all but two of the requirements for innocent spouse treatment under section 6013(e). The two remaining requirements are (1) the requirement of section 6013(e)(1)(C) that petitioner establish that in signing the return she did not know, and had no reason to know, that there was a substantial understatement, and (2) the requirement of section 6013(e)(1)(D) that, taking into account all the facts and circumstances, it is inequitable to hold petitioner liable for the deficiency in tax attributable to the substantial understatement. We find that petitioner did not satisfy the first *106 requirement and, accordingly, do not reach the second requirement. We have noted that -- The language changes made by the 1984 Act have not changed the old rule that the taxpayer claiming innocent spouse status must establish that he or she is unaware of the circumstances that give rise to error on the tax return, and not merely be unaware of the tax consequences. * * * it is clear that, to qualify as an innocent spouse, [the taxpayer] must not have knowledge (nor reason to know) of the underlying transaction which gave rise to the adjustment in issue * * *. [Bokum v. Commissioner, 94 T.C. (Feb. 28, 1990)]. Thus, the issue is whether petitioner knew or had reason to know of the underlying circumstances which gave rise to the disallowed losses. On brief, petitioner concedes that it was reasonably known to her that Erdahl owned a partnership interest and that he was claiming a deduction for a portion of the partnership loss. Accordingly, if the purchase of the partnership interest was the underlying circumstance that gave rise to the disallowed loss, petitioner would not have been an innocent spouse. However, petitioner asserts that the purchase of the partnership *107 was not the underlying circumstance that gave rise to the disallowed loss. She argues that the underlying circumstance was the operation of the partnership, and the question to be determined is whether she knew or should have known of that circumstance. Assuming that petitioner correctly frames the question we must answer, she still is not entitled to innocent spouse treatment. Petitioner knew that the transaction was intended to achieve handsome tax benefits, and she knew that significant losses were claimed on the tax return. Given such knowledge, petitioner could have reasonably expected that the partnership was of the type that would have tax problems, and she should have inquired about the large deductions on the returns. See Levin v. Commissioner, T.C. Memo. 1987-67. As we said in Bokum v. Commissioner, supra at : She cannot obtain the benefits of section 6013(e) by simply turning a blind eye to -- by preferring not to know of -- facts fully disclosed on a tax return, of such a numerical magnitude as would reasonably put her on notice that further inquiry would need to be made. * * * [The taxpayer] undertook responsibilities when she signed *108 the * * * joint tax return. She cannot escape these responsibilities by simply ignoring the contents of this tax return. Accordingly, petitioner was not an innocent spouse within the meaning of section 6013. Decision will be entered for the respondent. Footnotes
*. 50 percent of the interest due on the deficiency.↩